# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLARA KATZ,

        Plaintiff,

  v.

SAFECO INSURANCE COMPANY OF AMERICA,

        Defendant.

Case No. 15-10405
Hon. Terrence G. Berg

## ORDER DENYING PLAINTIFF'S
## MOTION TO AMEND/CORRECT ORDER
## ON MOTION FOR SUMMARY JUDGMENT (DKT. 41)

On March 23, 2016, the Court granted summary judgment to Defendant. Dkt. 39. Plaintiff has now filed a motion titled "Motion to Amend/Correct Order on Motion for Summary Judgment." Dkt. 41. Within that Motion, Plaintiff invokes Federal Rules of Civil Procedure 59(e) and 60(b) and asks for relief from the Court's summary judgment order.

Under Rule 59, the Court may alter its judgment where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012). Plaintiff points to no newly discovered evidence or intervening change in controlling law. Nor does Plaintiff explain any error of law; she merely makes the same arguments she made during the briefing of the motions for summary judgment. And Plaintiff offers no explanation of why there would be manifest injustice if the Court did not alter its judgment.

Under Rule 60, the Court may grant relief from a final judgment when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Exceptional circumstances under Rule 60(b) mean "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985). Here, Plaintiff does not argue that there are exceptional circumstances that warrant relief from the Court's judgment; she merely reiterates the same arguments made during the briefing of the motions for summary judgment.

The Court therefore construes Plaintiff's motion as a motion for reconsideration based on Plaintiff's disagreement with the Court's analysis. If Plaintiff had

captioned her request as a motion for reconsideration, however, the motion would have been untimely. Under Local Rule 7.1(h), a party may move for reconsideration of a Court's decision within 14 days of the entry of judgment or order. E.D. Mich L.R. 7.1(h)(1). Plaintiff filed her motion 28 days after the Court entered judgment in favor of Defendant, and as a motion for reconsideration it must be **DENIED** as untimely.

Even applying the standards of Rules 59(e) and 60, however, because Plaintiff bases her motion on the same arguments advanced during summary judgment briefing rather than on an error of law, offers no explanation of why the Court's order granting summary judgment to Defendant would create manifest injustice, and points to no exceptional circumstances that demand relief, Plaintiff's motion is **DENIED**.

**SO ORDERED.**


Dated:  December 29, 2016                    s/Terrence G. Berg
                                             TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 29, 2016, using the CM/ECF system, which will send notification to all parties.

                                             s/A. Chubb
                                             Case Manager